IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TODD NORWOOD,
        Plaintiff,

vs.                                                     Case No.:  3:16cv57/RV/EMT

OFFICER SMITH, et al.,
        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Todd Norwood ("Norwood"), proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint, pursuant to 42 U.S.C. § 1983 (ECF No. 1).  The matter is now before the court on Norwood's First Amended Complaint (ECF No. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Norwood, it is the opinion of the undersigned that this case should be dismissed because Norwood has not stated, and cannot state, a plausible federal claim against any Defendant.

I.      BACKGROUND

Norwood is an inmate of the Florida Department of Corrections ("FDOC"), currently housed at Florida State Prison ("FSP") (*see* ECF No. 15 at 2, 5).[1]  He was housed at Santa Rosa Correctional Institution at the time of the events giving rise to this action (*see id.* at 6–8).  Norwood names the following three Defendants in this action, all of whom are prison officials at Santa Rosa Correctional Institution: Sergeant G.W. Smith, Officer Kitchen, and Officer "John Doe" (*id.* at 1–2, 5–6).  Norwood alleges that on February 10, 2015, at approximately 9:40 a.m., two officers came to his cell and instructed him to strip down to his boxer shorts (*id.* at 6).  Norwood alleges he complied, and the officers then handcuffed him, removed him from his cell, and instructed him to kneel facing the wall (*id.* at 6–7).  Norwood alleges that while he was facing the wall, Defendant Sergeant Smith approached him from behind, grabbed his (Norwood's) buttocks, and then ran away laughing (*id.*).  Norwood alleges that on the same day, at approximately 7:50 p.m., after the next shift of officers came on duty, Defendant Officer Kitchen and another officer removed him from his cell for a shower and shave (*id.* at 7).  Norwood alleges that as he was receiving a shave, Officer Kitchen grabbed his (Norwood's) buttocks and then

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

escorted him to the showers (*id.*).  Norwood alleges three days later, on February 13, 2015, at approximately 10:00 p.m., Defendant Officer John Doe touched his (Norwood's) buttocks as Norwood passed him while returning to his cell from the showers (*id.* at 7).

Norwood alleges he was "irreparably wronged" by Defendants' conduct (ECF No. 15 at 8).  He alleges he filed an informal grievance regarding the three incidents, and the grievance was approved for investigation by the Inspector General (*id.* at 7–8). Norwood alleges that after the institutional inspector reviews the video from the fixed cameras, he will see that the officers committed these acts (*id.* at 8).

Norwood alleges that on April 7, 2015, he was transferred from Santa Rosa C.I. to Florida State Prison (ECF No. 15 at 8).  He alleges since that time, he has been sexually assaulted seventeen (17) times by seventeen different prison officials (*id.*).

Norwood claims that the sexual assaults by Defendants Smith, Kitchen, and John Doe constituted cruel and unusual punishment under the Eighth Amendment (ECF No. 15 at 6–7, 10).  Norwood also brings state tort claims against Defendants (*id.* at 8).  Norwood seeks declaratory relief, punitive damages, and "any additional relief this court deems just, proper, and equitable" (*id.* at 9–10).

## II.    DISCUSSION

### A.    Federal Claims

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also* Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.  Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where

the allegations it contains are vague and conclusory."  <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

The Eighth Amendment prohibits infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  Stating a claim under the cruel and unusual clause thus requires satisfying two minima (from which the case law has ultimately derived four requirements).  First, there must be, objectively speaking, conduct by public officials "sufficiently serious" to constitute a cruel or unusual deprivation—one "denying 'the minimal civilized measure of life's necessities.'"  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).  Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish.  *See* <u>Wilson</u>, 501 U.S. at 300 ("The source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual *punishment*.  If the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." (emphasis in original)).

The Eleventh Circuit, joining other circuits, has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Constitution. *See* Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also* Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999) (same); Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Boddie v. Schnieder, 105 F.3d 857, 860–61 (2d Cir. 1997). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." Boddie, 105 F.3d at 861 (citation and quotation omitted).

However, the alleged condition must be objectively serious enough to amount to a constitutional deprivation. *See* Bell, 441 U.S. at 539 n.21 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); Boxer X, 437 F.3d at 1111; *see also* Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002); Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (even though a trivial use of force may be cognizable under state tort law, "the Fourteenth [or Eighth] Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States").

Here, Norwood's allegations that Sergeant Smith, Officer Kitchen, and Officer John Doe each grabbed his buttocks on single, separate occasions, do not plausibly suggest more than a de minimis imposition.   Therefore, Norwood's Eighth Amendment claims should be dismissed for failure to state a claim upon which relief can be granted.[2] *See, e.g.*, Boxer X, 437 F.3d at 1111 (female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not present more than de minimis injury, and therefore did not give rise to a claim under the Eighth Amendment); *see also, e.g.*, Moton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) (unpublished) (even if defendant prison guard lacked a legitimate penological purpose in conducting a strip search of plaintiff inmate, and guard's alleged smile revealed a "subjectively culpable state of mind," there was no evidence that inmate suffered any injury that was objectively more than de minimis) (citing Boxer X, 437 F.3d at 1111); Washington v. Harris, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (inmate's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching were de minimis injuries which did not

---

[2] The court has considered only the allegations against the named Defendants. If Norwood wishes to pursue Eighth Amendment claims against any officials at Florida State Prison, he must file a civil rights complaint in the United States District Court for the Middle District of Florida, which is the appropriate venue for a civil rights action concerning events that occurred at that institution. *See* 28 U.S.C. § 1391(b).

Case No.: 3:16cv57/RV/EMT

rise to the level of constitutional harms, and although officer's conduct was inappropriate and vulgar, it was not repugnant to humanity's conscience); <u>Jackson v. Madery</u>, 158 F. App'x 656, 661–62 (6th Cir. 2005) (unpublished) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); <u>Joseph v. U. S. Fed. Bureau of Prisons</u>, 232 F.3d 901, 2000 WL 1532783, at *1–2 (10th Cir. 2000) (unpublished) (no Eighth Amendment violation stated where plaintiff alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"); <u>Boddie</u>, 105 F.3d at 861 (a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); <u>Jones v. Culinary Manager II</u>, 30 F. Supp. 2d 491, 493, 497–98 (E.D. Pa. 1998) (allegation that guard pinned plaintiff down on boxes, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to be an Eighth Amendment violation); <u>Bonner v. Hall</u>, No. 3:11cv5/MCR/CJK, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (unpublished) (allegations that correctional officer asked to see inmate's penis, followed by the officer's licking his lips, does not indicate anything more than a de minimis injury and thus fails to state a constitutional claim), *Report and Recommendation Adopted by* 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012)

(unpublished); <u>Allen v. McDonough</u>, No. 4:07cv469/RH/GRJ, 2011 WL 4102525, at

*5–6 (N.D. Fla. Aug. 17, 2011) (unpublished) (officer's making sexual comments and

gesture to inmate during inmate's shower did not rise to the level of an Eighth

Amendment violation), *Report and Recommendation Adopted by* 2011 WL 14103081

(N.D. Fla. Sept. 14, 2011) (unpublished); <u>Robinson v. Davis</u>, No.

3:06cv403/RV/EMT, 2009 WL 153162, at *13 (N.D. Fla. Jan. 22, 2009)

(unpublished) (defendant officer's one-time touching of inmate's rear, even when

combined with a threat of sexual battery, was not objectively harmful enough to

establish an Eighth Amendment violation).

    B.    <u>State Law Claims</u>

To the extent Norwood brings state tort claims against Defendants, the court

should decline to exercise supplemental jurisdiction over those claims.  It is well

established that once a plaintiff's federal claims are dismissed, there remains no

independent federal jurisdiction to support the court's exercise of supplemental

jurisdiction over any state claims against a defendant.  *See* <u>Baggett v. First Nat'l Bank</u>

<u>of Gainesville</u>, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3)

provides that the district court may decline to exercise supplemental jurisdiction over

claims after it has dismissed all claims over which it has original jurisdiction.  *See also*

United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.  Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)).  The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial.  See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claims asserted by Norwood should be dismissed to permit him to pursue them in a more appropriate forum.  While it would be convenient for Norwood to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Norwood's state claims and delaying justice in other cases.  Furthermore, the state court is best equipped to research and rule on

matters of state law, and comity would suggest that it should be allowed to do so. Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc., 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted).  In Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have thirty days after dismissal by the federal court to re-file in state court. *See id.* (citing 28 U.S.C. § 1367).  This is specifically "to prevent the limitations period from expiring" on the Florida state law claim while it is being pursued in federal court in conjunction with the federal claim. *Id.* at 1091.  Therefore, Norwood's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

     For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Plaintiff Norwood's federal claims be **DISMISSED with prejudice**, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

2.      That Plaintiff's state law claims be **DISMISSED without prejudice** to his pursuing them in state court;

3.      The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 18<u>th</u> day of August 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**